**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1655C

(Filed: April 28, 2017)

(NOT TO BE PUBLISHED)

**FILED**
APR 28 2017
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| PATRICIA GARTH, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Patricia Garth, *pro se*, Washington, D.C.

Delisa M. Sanchez, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Shanna L. Cronin, Major, Judge Advocate General's Corps, Litigation Division - Military Personnel Law, Department of the Army.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Patricia Garth, seeks monetary and injunctive relief against the United States ("the government"), acting through the United States Army ("Army"), for a variety of alleged actions adverse to her. Ms. Garth served in the Army from March 4, 1990 until her retirement on June 30, 2010. Def.'s Rule 12(b)(1) Mot. to Dismiss ("Def.'s Mot."), Attach., ECF No. 5. Upon retirement she was honorably discharged from service. *Id.*

In her complaint, Ms. Garth alleges 15 counts against the government for "alienation of affection," "attempted murder," "assault," "neglect and torture," "vaccine," "illegal experimentation," "rape," "murder and attempted murder," "carpal tunnel," "migraines," "denial of officer candidate school," "foot injury," "denial of approved assignments," "withholding of pay benefits," "denial of deserving promotion," "incorrect DD214," "withholding of medical

7014 1200 0000 9093 7634

treatment," "discrimination," and "misc/other." *See* Compl. at 3-13. Pending before the court are the government's motion to dismiss Ms. Garth's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), and Ms. Garth's motion to transfer the case to the United States Bankruptcy Court for the District of Columbia, ECF No. 6. Both motions are ready for disposition.

## STANDARDS FOR DECISION

As plaintiff, Ms. Garth has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).[1] The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Nonetheless, the Tucker Act does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To perfect jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

Ordinarily, "[i]f a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)). In some circumstances, however, where another federal court would have jurisdiction, transfer may be an option. *Gray*, 69 Fed. Cl. at 98. Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought at the time it was filed." In effect, three prerequisites exist for transferring a case: "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (en banc) (citing 28 U.S.C. § 1631).

## ANALYSIS

### *A. Motion to Dismiss*

Ms. Garth states multiple claims of tortious and criminal conduct. *See* Compl. at 3-13. The Tucker Act explicitly states that this court does not have jurisdiction over allegations that sound in tort. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d

---

[1]Ms. Garth has appeared *pro se*, and the submissions of such litigants are traditionally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004) (per curiam); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

2

1338, 1343 (Fed. Cir. 2008). Similarly, the court's jurisdiction does not extend to Ms. Garth's criminal claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

Ms. Garth also makes claims that could be construed as arising out of her service in the Army. *See, e.g.*, Compl. at 8-10 (stating claims relating to "denial of officer candidate school," "denial of approved assignments," "withholding of pay benefits," and "denial of deserving promotion"). In her complaint respecting these claims, she has not identified any substantive money-mandating source of law that would entitle her to relief under the Tucker Act. Claimants may not solely rely on the Tucker Act to bring claims in this court; rather, they must identify an independent source of law that "can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damage sustained." *Testan*, 424 U.S. at 400 (internal quotation marks and citations omitted). Ms. Garth has not made this showing, and thus has failed to establish the court's jurisdiction over the claims relating to her Army service.

Even if Ms. Garth had identified a money-mandating source of law for her claims stemming from her military service, these claims are barred by the statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional and cannot be tolled for equitable reasons. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008). Claims for back pay and related relief that arise out of military service are deemed to accrue upon the plaintiff's discharge or separation from the military. *See Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003); *Schnell v. United States*, 115 Fed. Cl. 102, 105 (2014). Ms. Garth was discharged from the military upon her retirement on June 30, 2010, *see* Def.'s Mot., Attach., giving her six years from that date within which to file claims related to her military service, *i.e.*, until June 30, 2016. As Ms. Garth filed her complaint on December 30, 2016, more than six years after her separation from the Army, any claims related to her service are barred by the statute of limitations.

Ultimately, none of Ms. Garth's allegations and claims are within the jurisdiction of this court. For this reason, the government's motion to dismiss Ms. Garth's complaint is granted.

### B. Motion to Transfer to Bankruptcy Court

Ms. Garth has also filed a motion to transfer her suit to the United States Bankruptcy Court for the District of Columbia ("the Bankruptcy Court"), which the government opposes. *See* Pl.'s Mot. to Transfer; Def.'s Opp'n to Pl.'s Mot. to Transfer, ECF No. 8. In ruling on a motion to transfer, the court must weigh whether the case satisfies the three prerequisites of 28 U.S.C. § 1631. The first factor – "the transferor court lacks jurisdiction" – is readily satisfied in this instance, for the reasons discussed *supra*. *See Zoltek*, 672 F.3d at 1314.

Ms. Garth's motion falters on the second requirement that "the action could have been brought in the transferee court at the time it was filed." *Zoltek*, 672 F.3d at 1314. Bankruptcy courts have jurisdiction over voluntary suits brought by individuals or entities who qualify as debtors under 11 U.S.C. § 109. *See* 11 U.S.C. § 301(a). Based on the allegations in her complaint, Ms. Garth does not qualify as a debtor seeking to discharge personal liability for

3

certain debts. Rather, as explained *supra*, her claims allege tortious conduct, criminal acts, and the denial of military benefits. These claims are not within the jurisdiction of the Bankruptcy Court, and thus could not have been brought there at the time plaintiff filed suit in this court.

Ms. Garth's claims also fail to satisfy the third criterion, *i.e.*, that the "transfer [be] in the interest of justice." *Zoltek*, 672 F.3d at 1314. A transfer is not "in the interest of justice" where the allegations contained in the complaint fail to state a claim on the merits. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.") (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)); *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) ("If such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits,' the deciding court may decline to transfer the case and dismiss it.") (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390-91 (1997)). Ms. Garth's claims are devoid of any factual support; she has merely made general assertions of wrongdoing by the government, which do not constitute a basis for relief. As a result, no district court, let alone the Bankruptcy Court to which plaintiff requests her case be transferred, could exercise jurisdiction over her claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a complaint "does not require 'detailed factual allegations,'" but must put forward more than "'naked assertion[s]' devoid of 'further factual enhancement,'" or "the-defendant-unlawfully-harmed-me-accusation[s].") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

## CONCLUSION

For the reasons stated, the government's motion to dismiss Ms. Garth's complaint is GRANTED, and Ms. Garth's motion to transfer the case to the United States Bankruptcy Court for the District of Columbia is DENIED.[2] The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[2] Ms. Garth's motion to receive future court correspondence by e-mail, ECF No. 9, is DENIED as moot.